UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT FLORIDA
www.flsb.uscourts

In re:

ROSS F. CHARNO and
AMANDA CHARNO,

Case No. 09-36566-JKO
Chapter 7

        Debtors,
_____/

**MOTION for STAY RELIEF by CREDITORS  MELVIN H. GALE, etc.**

**EMERGENCY HEARING REQUESTED**

Creditors MELVIN H. GALE, individually, and as Trustee of the Melvin H. Gale and Leona Gale Trust, and STANLEY SPIELMAN, through counsel, move this Court for its order modifying the automatic stay imposed under 11 USC §362(a) for cause under 11 USC §362(d).  In support, Creditors state as follows:

*Basis for Emergency*

1. That the state court action described below is set for a five-day jury trial on the Circuit Court's docket starting January 4, 2010.  Calendar call for that docket is now scheduled for December 16, 2009.

2. That if the automatic stay remains in place as of December 16, 2009, Creditors may lose their place on the trial docket in Circuit Court.

3. That Debtor's counsel has expressed his opposition to the relief requested in this motion.

*Motion for Stay Relief*

1. That Debtors filed a petition under Chapter 7 on December 1, 2009.

2. That on November 11, 2009, an entity known as RFC Securities, LLC

filed a Chapter 7 petition in this Court and that case is identified as Case No. 09-34856-JKO.

3. That on the date of filing, Creditors were Plaintiffs in a state court matter styled as *Melvin H. Gale, etc. v. RFC Securities, LLC, et al.,* Case No. 502007CA014725XXXXMB. Debtor, RFC Securities, LLC, Miriam Charno, and the Estate of Irving Charno all co-defendants in that action.

4. That the state court matter was prepared for trial and ready to be set onto the Circuit Court's trial docket when Debtors filed this petition.

5. That on December 27, 2007, Debtors co-defendant Miriam Charno filed a voluntary petition under Chapter 7. That matter appears on this Court's docket as Case No. 07-21533-PGH. Miriam Charno's bankruptcy petition was dismissed by order January 28, 2008 because she failed to file Schedules and Statement of Financial Affairs after she had requested an extension of the deadline for such filing

6. That at the time of the Miriam Charno bankruptcy, the state court had set a deadline for the defendant's production of critical financial records. Miriam Charno's voluntary petition delayed the state court's enforcement of an order compelling the production of those documents as a result of the imposition of the stay under 11 USC

7. That simultaneously with this Motion, Creditors have filed an Emergency Motion to Dismiss the RFC Securities, LLC bankruptcy petition.

8. That as of December 9, 2009, Debtors have yet to file their Schedules and Statement of Financial Affairs. However, upon information and belief, Creditors believe the motivation for this petition was the immediacy of the trial of the state court matter. Debtors filed this petition solely and only for the purpose of delaying the state court action.

9. That a copy of the Creditors' state court complaint is attached hereto as an exhibit. As shown by the Complaint, the claims against RFC Securities and the Charnos are so interwoven and dependent upon one another that a separate trial only involving RFC Securities will be deeply prejudicial to Plaintiff.

10. That modification of the stay to permit the state court to resolve the claim against the Debtors will not prejudice the Debtors. The very same issues to be tried in state court would come before this Court on claim resolution or as part of an adversary proceeding seeking relief under 11 USC §523(a)Debtor is not in need of any reorganization and is not entitled to a discharge under 11 USC §727(a). Debtor has no assets, no ongoing business activity, and only one legal matter pending.

11. That Creditors seek this Court's abstention in favor of the Circuit Court as to the resolution of this issue.

WHEREFORE Creditors pray this Court issue its order finding that cause exits under 11 USC §362(d) justifying modification of the automatic stay to permit Creditors' state court matter to proceed to trial on the Circuit Court's docket of January 4, 2010. and finding good cause for this Court to abstain in favor of the Circuit Court for the resolution of Creditors' claims.

I HEREBY CERTIFY that I am admitted to the Bar of the U.S. District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice set forth in Local Rule 2090-1(A) .

I FURTHER CERTIFY that I contacted Debtor's counsel prior to the filing of this motion in a bona fide effort to resolve the matter without hearing.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to all parties on the below list and in the manner indicated on December 9, 2009.

3

NORMAN L. SCHROEDER, II, P.A.

By: */s/ Norman L. Schroeder*
Norman L. Schroeder, II
Attorney for MELVIN H. GALE, etc.
6801 Lake Worth Road- Suite 120
Lake Worth, FL 33467
(561) 642-8884 Phone
(561) 642-3377 Fax
nschroeder@nlsbankruptcy.com
Florida Bar No: 254045

<u>Electronic Notice</u>

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Manny Singh    msingh4law@aol.com , bankruptcymsingh@aol.com; abby@mannysingh.com; amhmannysingh@gmail.com
- Kenneth A Welt    court@kawpa.com , fl10@ecfcbis.com;

    pacerfilings@gmail.com ; kaw@kawpa.com

<u>Mail Notice</u>

Ross F. Charno and Amanda Charno
4611 S University Dr #446
Plantation FL 33322

4