*Gale v. RFC*
*Amended Complaint*

between Melvin Gale and RFC Securities, as confirmed by each Defendant, the money Melvin Gale provided to RFC Securities through each loan was required to be returned to Melvin Gale upon demand after a short notice period. Despite Melvin Gale's demand for Defendants to return the money of Melvin Gale, Defendants have refused to return his money and have thus converted for their own use the money Melvin Gale loaned to RFC Securities for placement in the Goldman Sachs escrow account.

236.    Because Ross F. Charno has told Melvin Gale that all of the money he loaned to RFC Securities was "lost," and because Defendants have refused to otherwise return any of the money covered by the loans, Defendants have embezzled the money of Melvin Gale from the escrow account of Goldman Sachs.

237.    Each Defendant had knowledge of and actively participated in furthering the unlawful and criminal acts of Ross F. Charno and participated in implementing and furthering the Ross F. Charno unlawful scheme and this each Defendant conspired to convert to their own use the money of Melvin Gale.

238.    The independent civil wrong effectuated pursuant to Defendants' conspiracy is the conversion, with felonious intent, of Melvin Gale's money.

239.    Each Defendant was fully aware of the wrongs being inflicted upon Melvin Gale through the civil conspiracy to implement and effectuate Ross F. Charno's unlawful scheme and to convert, with felonious intent, the money of Melvin Gale.

240.    Defendants are jointly and severally liable for the damages they have caused Plaintiffs as a direct result of their civil conspiracy to convert the money of Melvin Gale.

241.    As a direct result of the Defendants civil conspiracy to wrongfully convert to their own use the money of Melvin Gale, Melvin Gale has suffered injury and damages in excess of $1,584,067.00.

*Gale v. RFC*
*Amended Complaint*

Accordingly, Plaintiff, Melvin Gale, requests that this Honorable Court enter a judgment declaring that Irving Charno, RFC Securities, Ross F. Charno, Amanda Charno and Miriam Charno wrongfully converted to their own use the money of Melvin Gale which he loaned to RFC Securities and that each Defendant had knowledge of and participated in the civil conspiracy to commit this conversion and to implement and further Ross F. Charno's unlawful scheme. Melvin Gale additionally requests that this Honorable Court enter Final Judgment and therein award damages of at least $1,584,067.00 in his favor and against the Estate of Irving Charno, RFC Securities, Ross F. Charno, Amanda Charno and Miriam Charno, jointly and severally, based upon civil conspiracy to commit conversion, order Defendants to disgorge monies wrongfully diverted or retained by Defendant, award Melvin Gale interest and costs, and award such further relief or damages which the Court deems just and equitable.

### Count V: Civil Theft as to Stanley Spielman's Property

242.    Plaintiff, Stanley Spielman, incorporates and re-alleges Paragraphs 1 through 79 and 113 through 181 as if fully restated herein.

243.    This is an action by Stanley Spielman against RFC Securities and Ross F. Charno to recover treble damages for civil theft under Fla. Stat. §772.11.

244.    As explained above in Count I, RFC Securities, Irving Charo and Ross F. Charno, through a civil conspiracy to commit fraud, undue influence and overreaching, unlawfully obtained each loan Stanley Spielman made to RFC Securities.

245.    Further, these Defendants represented and guaranteed that the money obtained through each loan would be held in the purported Goldman Sachs escrow account, would not be traded, would not be accessible by Goldman Sachs or anyone else, and would be returned to Stanley Spielman upon demand after a short notice period of either ninety or thirty days, depending on the specific time in which the loan was made.

246.   Under the terms of each agreement governing each loan of money from Stanley Spielman to RFC Securities, each sum of money is a specific sum of money from an identifiable account, which was represented to remain the property of Stanley Spielman and which was subject to his possession upon demand after a short notice period.

247.   Because these Defendants unlawfully obtained each loan though fraud, undue influence and overreaching, these Defendants unlawfully and wrongfully obtained possession of the funds at the time Stanley Spielman made each loan to RFC Securities.

248.   Because these Defendants unlawfully obtained possession of the funds at the time Stanley Spielman made each loan to RFC Securities RFC Securities and Ross F. Charno misappropriated for their own use and thus committed a civil theft of the funds at the time Stanley Spielman made each loan. Despite Stanley Spielman's demand for RFC Securities and Ross F. Charno to return the money of Stanley Spielman, they have refused to return his money and have thus committed a civil theft of the money Stanley Spielman loaned to RFC Securities for placement in the Goldman Sachs escrow account.

249.   In the alternative, in the event it is determined that RFC Securities and Ross F. Charno lawfully gained possession of any or all of the money of Stanley Spielman, under the terms of the agreements between Stanley Spielman and RFC Securities, as confirmed by each Defendant, the money Stanley Spielman provided to RFC Securities through each loan were directed to and required to be placed and maintained in the purported Goldman Sachs escrow account. The money was restricted and was not to be used for any other purpose. Despite such restriction, Ross F. Charno has stated to Stanley Spielman that all of the money Stanley Spielman loaned to RFC Securities for placement in the Goldman Sachs escrow account was "lost." Because RFC Securities and Ross F. Charno unlawfully used, diverted and depleted the money of Stanley Spielman rather than keeping it in the escrow account, RFC Securities and

*Gale v. RFC*
*Amended Complaint*

Ross F. Charno have committed a civil theft of the money Stanley Spielman loaned to RFC Securities for placement and maintenance in the Goldman Sachs escrow account. Despite Stanley Spielman's demand for RFC Securities and Ross F. Charno to return the money of Stanley Spielman, they have refused to return his money and have thus committed a civil theft of the money Stanley Spielman loaned to RFC Securities for placement in the Goldman Sachs escrow account.

250.   In the alternative, in the event it is determined that RFC Securities and Ross F. Charno lawfully gained possession of any or all of the money of Stanley Spielman, under the terms of the agreements between Stanley Spielman and RFC Securities, as confirmed by RFC Securities and Ross F. Charno, the money Stanley Spielman provided to RFC Securities through each loan was required to be returned to Stanley Spielman upon demand after a short notice period. Despite Stanley Spielman's demand for RFC Securities and Ross F. Charno to return the money of Stanley Spielman, they have refused to return his money and have thus committed a civil theft of the money Stanley Spielman loaned to RFC Securities for placement in the Goldman Sachs escrow account.

251.   Because Ross F. Charno has told Stanley Spielman that all of the money he loaned to RFC Securities was "lost," and because RFC Securities and Ross F. Charno have refused to otherwise return any of the money covered by the loans, they have embezzled the money of Stanley Spielman from the escrow account of Goldman Sachs.

252.   In sum, because Stanley Spielman had a right to a return of his money, because he demanded that RFC Securities and Ross F. Charno return his money, and, because, despite such demands, they have refused to return his money, RFC Securities and Ross F. Charno have committed, with felonious intent, a civil theft of Stanley Spielman's money.

253.   RFC Securities is a sham and is the alter ego of Ross F. Charno. Further, Ross F.

*Gale v. RFC*
*Amended Complaint*

Charno had knowledge of and actively participated in implementing and furthering the unlawful and criminal acts he orchestrated as part of his unlawful scheme. Ross F. Charno is personally jointly and severally liable for the civil theft of the money of Stanley Spielman because of his direct involvement and because RFC Securities is the mere alter ego of Ross F. Charno.

254. Ross F. Charno was fully aware of the wrongs being inflicted upon Stanley Spielman through the civil theft of the money of Stanley Spielman.

255. RFC Securities and Ross F. Charno are jointly and severally liable for the damages they have caused Plaintiffs as a direct result of their civil theft of the money of Stanley Spielman.

256. As a direct result of the Defendants' civil theft of the money of Stanley Spielman, Stanley Spielman has suffered injury and actual damages in excess of $7,399,131.00.

257. In accordance with Fla. Stat. §772.11(5) Plaintiffs have filed and served a Motion requesting that Court advance the trial on the docket. Plaintiffs are entitled to an advancement of the trial docket because they are each over seventy five (75) years of age and are thus considered "elderly" under Fla. Stat. §772.11(5)

258. Stanley Spielman has incurred costs and attorneys' fees in prosecuting this action and is entitled to recover same from RFC Securities and Ross F. Charno under Fla. Stat. § 772.11.

259. Stanley Spielman is entitled to recover from RFC Securities and Ross F. Charno, jointly and severally, treble damages in the amount of $23,219,085.00 under Fla. Stat. §772.11.

**Accordingly,** Plaintiff, Stanley Spielman requests that this Honorable Court enter a judgment declaring that RFC Securities and Ross F. Charno have committed a civil theft of the money of Stanley Spielman which he loaned to RFC Securities. Stanley Spielman additionally requests that this Honorable Court enter Final Judgment and therein award, under Fla. Stat.

*Gale v. RFC*
*Amended Complaint*

§772.11, treble damages of at least $23,219,085.00 in his favor and against RFC Securities and Ross F. Charno, jointly and severally, based upon civil theft, award Stanley Spielman interest and costs, order Defendant to disgorge monies wrongfully diverted or retained by Defendant, award attorneys' fees and costs incurred, and award such further relief or damages which the Court deems just and equitable.

### Count VI: Civil Theft as to Melvin Gale's Property

260.   Plaintiff, Melvin Gale, individually and as Trustee of the Melvin H. Gale & Leona Gale Trust (hereinafter "Melvin Gale"), incorporates and re-alleges Paragraphs 1 through 28, 30 through 39, 80 through 151 and 182 through 211 as if fully restated herein.

261.   This is an action by Melvin Gale against RFC Securities and Ross F. Charno to recover treble damages for civil theft under Fla. Stat. §772.11.

262.   As explained above in Count II, Irving Charno, RFC Securities and Ross F. Charno, through a civil conspiracy to commit fraud, undue influence and overreaching, unlawfully obtained each loan Melvin Gale made to RFC Securities.

263.   Further, Irving Charno, RFC Securities and Ross F. Charno represented and guaranteed that the money obtained through each loan would be held in the purported Goldman Sachs escrow account, would not be traded, would not be accessible by Goldman Sachs or anyone else, and would be returned to Melvin Gale upon demand after a short notice period of thirty days, depending on the specific time in which the loan was made.

264.   Under the terms of each agreement governing each loan of money from Melvin Gale to RFC Securities, each sum of money is a specific sum of money from an identifiable account, which was represented to remain the property of Melvin Gale and which was subject to his possession upon demand after a short notice period.

265.   Because RFC Securities and Ross F. Charno unlawfully obtained each loan

*Gale v. RFC*
*Amended Complaint*

through fraud, undue influence and overreaching, they unlawfully and wrongfully obtained possession of the funds at the time Melvin Gale made each loan to RFC Securities.

266.    Because RFC Securities and Ross F. Charno unlawfully obtained possession of the funds at the time Melvin Gale made each loan to RFC Securities, they misappropriated for their own use and thus committed a civil theft of the funds at the time Melvin Gale made each loan. Despite Melvin Gale's demand for RFC Securities and Ross F. Charno to return the money of Melvin Gale, they have refused to return his money and have thus committed a civil theft of the money Melvin Gale loaned to RFC Securities for placement in the Goldman Sachs escrow account.

267.    In the alternative, in the event it is determined that RFC Securities and Ross F. Charno lawfully gained possession of any or all of the money of Melvin Gale, under the terms of the agreements between Melvin Gale and RFC Securities, as confirmed by RFC Securities and Ross F. Charno, the money Melvin Gale provided to RFC Securities through each loan was directed to and required to be placed and maintained in the purported Goldman Sachs escrow account. The money was restricted and was not to be used for any other purpose. Despite such restriction, Ross F. Charno has stated to Melvin Gale that all of the money Melvin Gale loaned to RFC Securities for placement in the Goldman Sachs escrow account was "lost." Because RFC Securities and Ross F. Charno unlawfully used, diverted and depleted the money of Melvin Gale rather than keeping it in the escrow account, they have committed a civil theft of the money Melvin Gale loaned to RFC Securities for placement and maintenance in the Goldman Sachs escrow account. Despite Melvin Gale's demand for RFC Securities and Ross F. Charno to return the money of Melvin Gale, they have refused to return his money and have thus committed a civil theft of the money Melvin Gale loaned to RFC Securities for placement in the Goldman Sachs escrow account.

*Gale v. RFC*
*Amended Complaint*

268.    In the alternative, in the event it is determined that RFC Securities and Ross F. Charno lawfully gained possession of any or all of the money of Melvin Gale, under the terms of the agreements between Melvin Gale and RFC Securities, as confirmed by RFC Securities and Ross F. Charno, the money Melvin Gale provided to RFC Securities through each loan was required to be returned to Melvin Gale upon demand after a short notice period. Despite Melvin Gale's demand for RFC Securities and Ross F. Charno to return the money of Melvin Gale, they have refused to return his money and have thus committed a civil theft of the money Melvin Gale loaned to RFC Securities for placement in the Goldman Sachs escrow account.

269.    Because Ross F. Charno has told Melvin Gale that all of the money he loaned to RFC Securities was "lost," and because RFC Securities and Ross F. Charno have refused to otherwise return any of the money covered by the loans, RFC Securities and Ross F. Charno have embezzled the money of Melvin Gale from the escrow account of Goldman Sachs.

270.    In sum, because Melvin Gale had a right to a return of his money, because he demanded that RFC Securities and Ross F. Charno return his money, and, because, despite such demands, they have refused to return his money, RFC Securities and Ross F. Charno have committed, with felonious intent, a civil theft of Melvin Gale's money.

271.    RFC Securities is a sham and is the alter ego of Ross F. Charno. Further, Ross F. Charno had knowledge of and actively participated in implementing and furthering the unlawful and criminal acts he orchestrated as part of his unlawful scheme. Ross F. Charno is personally jointly and severally liable for the civil theft of the money of Melvin Gale because of his direct involvement and because RFC Securities is the alter ego of Ross F. Charno.

272.    Ross F. Charno was fully aware of the wrongs being inflicted upon Melvin Gale through the civil theft of the money of Melvin Gale.

273.    RFC Securities and Ross F. Charno are jointly and severally liable for the

*Gale v. RFC*
*Amended Complaint*

damages they have caused Melvin Gale as a direct result of their civil theft of the money of Melvin Gale.

274.    As a direct result of RFC Securities and Ross F. Charno's civil theft of the money of Melvin Gale, Melvin Gale has suffered injury and actual damages in excess of $1,584,067.00.

275.    In accordance with Fla. Stat. §772.11(5) Plaintiffs have filed and served a Motion requesting that Court advance the trial on the docket. Plaintiffs are entitled to an advancement of the trial docket because they are each over seventy five (75) years of age and are thus considered "elderly" under Fla. Stat §7723.11(5).

276.    Melvin Gale has incurred costs and attorneys' fees in prosecuting this action and is entitled to recover same from RFC Securities and Ross F. Charno under Fla. Stat. §772.11.

277.    Melvin Gale is entitled to recover from RFC Securities and Ross F. Charno, jointly and severally, treble damages in the amount of $4,752,201.00 under Fla. Stat. §772.11.

**Accordingly**, Plaintiff, Melvin Gale, requests that this Honorable Court enter a judgment declaring that RFC Securities and Ross F. Charno have committed a civil theft of the money of Melvin Gale which he loaned to RFC Securities. Melvin Gale additionally requests that this Honorable Court enter Final Judgment and therein award, under Fla. Stat. §772.11, treble damages of at least $4,752,201.00 in his favor and against RFC Securities and Ross F. Charno, jointly and severally, based upon civil theft, award Melvin Gale interest and costs, order Defendants to disgorge monies wrongfully diverted or retained by Defendants, award attorneys' fees and costs incurred, and award such further relief or damages which the Court deems just and equitable.

### Count VII:   Civil Remedies for Criminal Practices Act Claim

278.    Plaintiff, Stanley Spielman, incorporates and re-alleges Paragraphs 1 through 277

*Gale v. RFC*
*Amended Complaint*

as if fully restated herein.

279.    This is an action by Stanley Spielman against the Estate of Irving Charno and/or its Court-Appointed Representative, Ross F. Charno and RFC Securities for threefold the actual damages sustained and reasonable attorneys' fees and court costs for violation of the provisions of Fla. Stat. § 772.103.

280.    Irving Charno, Ross F. Charno's and RFC Securities' actions as described herein reflect ongoing criminal behavior.

281.    Irving Charno, Ross F. Charno and RFC Securities have specifically committed the crimes as described above in Paragraphs 140 through 146.

282.    Irving Charno, Ross F. Charno and RFC Securities were personally involved in the unlawful actions described in this Amended Complaint. Ross F. Charno was the person who devised the unlawful plan to perpetrate the crimes against the Plaintiffs.

283.    Plaintiffs are not "related persons" as defined in Fla. Stat. § 772.102(6).

284.    Irving Charno, Ross F. Charno and RFC Securities were associated with and were all part of an enterprise formed to and engaged in, directly and indirectly, a pattern of criminal activity.

285.    Each loan Irving Charno, Ross F. Charno and RFC Securities convinced Stanley Spielman to make to RFC Securities over the two year period described herein constitutes a predicate act under Fla. Stat. §772.103.

286.    Each time Irving Charno, Ross F. Charno and RFC Securities stole or converted the money of Plaintiffs over the two year period described herein constitutes a predicate act under Fla. Stat. §772.103.

287.    There is a threat that the crimes of Ross F. Charno and RFC Securities as described herein will or could continue to occur for a long period of time in the future. Upon

*Gale v. RFC*
*Amended Complaint*

information and belief there may be victims of these criminal acts other than the Plaintiffs in this case.

288.   Irving Charno, Ross F. Charno and RFC Securities have engaged over a period of time, in activities which Congress has defined as being "racketeering activities."

289.   Ross F. Charno's unlawful scheme and the Irving Charno's participation in the conspiracy to implement and perpetuate it constitute a well organized, on-going, systematic, criminal scheme devised by Ross F. Charno to defraud Stanley Spielman, Melvin Gale and, upon information and belief, others.

290.   Irving Charno, Ross F. Charno and RFC Securities' actions also constitute violation of the federal mail and wire fraud statutes.

291.   As explained above in paragraph 49, RFC Securities was not even formed at the time Ross F. Charno sent his early letters to Stanley Spielman in furtherance of his unlawful scheme.

292.   As explained throughout the Complaint, specifically including in Paragraphs 20 & 27, Irving Charno, Ross F. Charno and RFC Securities used RFC Securities as the front for their conspiracy to implement and further Ross F. Charno's unlawful scheme.

293.   Irving Charno, Ross F. Charno and RFC Securities signed fraudulent guarantees for repayment of each loan in order to convince Plaintiffs to make yet additional loans for the them to pillage.

294.   Irving Charno, Ross F. Charno and RFC Securities sent fraudulent Loan Confirmation letters advising that the substantial and ever increasing principal of the numerous and separate loan transactions were safe and available for return to Plaintiffs upon demand after only a short notice period.

295.   These actions were accompanied by malice, moral turpitude, wantoness,

--

willfulness, and reckless indifference to the rights of Plaintiffs.

296. From its inception the scheme and conspiracy of Irving Charno, Ross F. Charno and RFC Securities was clearly and purely criminal.

297. Plaintiffs are entitled to recover from Irving Charno and/or his Estate or the Court Appointed Representative, Ross F. Charno and RFC Securities Defendants, jointly and severally, threefold the actual damages sustained under Fla. Stat. §772.104.

298. As a direct result of the Irving Charno, Ross F. Charno and RFC Securities' criminal actions, Stanley Spielman has suffered injury and damages in excess of $7,399,131.00 which, when trebled, amounts to $23,219,085.00.

299. As a direct result of the Irving Charno, Ross F. Charno and RFC Securities' criminal actions, Melvin Gale has suffered injury and actual damages in excess of $1,584,067.00 which, when trebled, amounts to $4,752,201.00.

300. Irving Charno, Ross F. Charno and RFC Securities' actions violate Fla. Stat. Sections 772.102(1), 772.102(3) and 772.102(4).

301. Plaintiffs are entitled to recover from Irving Charno and/or his Estate or the Court Appointed Representative, Ross F. Charno and RFC Securities under Fla. Stat. §772.104 the attorneys' fees and costs they have incurred in prosecuting this action.

**Accordingly,** Plaintiff, Stanley Spielman, requests that this Honorable Court enter a judgment declaring that RFC Securities, Ross F. Charno and Irving Charno have, with criminal intent, engaged in a pattern of criminal activity prohibited by Fla. Stat. §772.103 and compensable under Fla. Stat. §772.104. Stanley Spielman requests that that this Honorable Court enter Final Judgment and therein award treble damages of at least $23,219,085.00 in favor of Stanley Spielman, jointly and severally, against RFC Securities, Ross F. Charno, and the Estate and/or Court-Appointed Representative of Irving Charno, and award him interest, order

*Gale v. RFC*
*Amended Complaint*

Defendants to disgorge monies wrongfully diverted or retained by Defendants, award attorneys' fees and costs, and grant such further relief or damages which the Court deems just and equitable.

### Count VIII:  Civil Remedies for Criminal Practices Act Claim

302.    Plaintiff, Melvin Gale, individually and as Trustee of the Melvin H. Gale & Leona Gale Trust (hereinafter "Melvin Gale"), incorporates and re-alleges Paragraphs 1 through 277 as if fully restated herein.

303.    This is an action by Melvin Gale against the Estate of Irving Charno and/or its Court-Appointed Representative, Ross F. Charno and RFC Securities for threefold the actual damages sustained and reasonable attorneys' fees and court costs for violation of the provisions of Fla. Stat. § 772.103.

304.    Irving Charno, Ross F. Charno's and RFC Securities' actions as described herein reflect ongoing criminal behavior.

305.    Irving Charno, Ross F. Charno and RFC Securities have specifically committed the crimes as described above in Paragraphs 140 through 146.

306.    Irving Charno, Ross F. Charno and RFC Securities were personally involved in the unlawful actions described in this Amended Complaint. Ross F. Charno was the person who devised the unlawful plan to perpetrate the crimes against the Plaintiffs.

307.    Plaintiffs are not "related persons" as defined in Fla. Stat. § 772.102(6).

308.    Irving Charno, Ross F. Charno and RFC Securities were associated with and were all part of an enterprise formed to and engaged in, directly and indirectly, a pattern of criminal activity.

309.    Each loan Irving Charno, Ross F. Charno and RFC Securities convinced Melvin Gale to make to RFC Securities over the two year period described herein constitutes a predicate

*Gale v. RFC*
*Amended Complaint*

act under Fla. Stat. §772.103.

310.    Each time Irving Charno, Ross F. Charno and RFC Securities stole or converted the money of Plaintiffs over the two year period described herein constitutes a predicate act under Fla. Stat. §772.103.

311.    There is a threat that the crimes of Ross F. Charno and RFC Securities as described herein will or could continue to occur for a long period of time in the future. Upon information and belief there may be victims of these criminal acts other than the Plaintiffs in this case.

312.    Irving Charno, Ross F. Charno and RFC Securities have engaged over a period of time, in activities which Congress has defined as being "racketeering activities."

313.    Ross F. Charno's unlawful scheme and the Irving Charno's participation in the conspiracy to implement and perpetuate it constitute a well organized, on-going, systematic, criminal scheme devised by Ross F. Charno to defraud Stanley Spielman, Melvin Gale and, upon information and belief, others.

314.    Irving Charno, Ross F. Charno and RFC Securities' actions also constitute violation of the federal mail and wire fraud statutes.

315.    As explained above in paragraph 49, RFC Securities was not even formed at the time Ross F. Charno sent his early letters to Stanley Spielman in furtherance of his unlawful scheme.

316.    As explained throughout the Complaint, specifically including in Paragraphs 20 & 27, Irving Charno, Ross F. Charno and RFC Securities used RFC Securities as the front for their conspiracy to implement and further Ross F. Charno's unlawful scheme.

317.    Irving Charno, Ross F. Charno and RFC Securities signed fraudulent guarantees for repayment of each loan in order to convince Plaintiffs to make yet additional loans for the

*Gale v. RFC*
*Amended Complaint*

them to pillage.

318. Irving Charno, Ross F. Charno and RFC Securities sent fraudulent Loan Confirmation letters advising that the substantial and ever increasing principal of the numerous and separate loan transactions were safe and available for return to Plaintiffs upon demand after only a short notice period.

319. These actions were accompanied by malice, moral turpitude, wantoness, willfulness, and reckless indifference to the rights of Plaintiffs.

320. From its inception the scheme and conspiracy of Irving Charno, Ross F. Charno and RFC Securities was clearly and purely criminal.

321. Plaintiffs are entitled to recover from Irving Charno and/or his Estate or the Court Appointed Representative, Ross F. Charno and RFC Securities Defendants, jointly and severally, threefold the actual damages sustained under Fla. Stat. §772.104.

322. As a direct result of the Irving Charno, Ross F. Charno and RFC Securities' criminal actions, Stanley Spielman has suffered injury and damages in excess of $7,399,131.00 which, when trebled, amounts to $23,219,085.00.

323. As a direct result of the Irving Charno, Ross F. Charno and RFC Securities' criminal actions, Melvin Gale has suffered injury and actual damages in excess of $1,584,067.00 which, when trebled, amounts to $4,752,201.00.

324. Irving Charno, Ross F. Charno and RFC Securities' actions violate Fla. Stat. Sections 772.102(1), 772.102(3) and 772.102(4).

325. Plaintiffs are entitled to recover from Irving Charno and/or his Estate or the Court Appointed Representative, Ross F. Charno and RFC Securities under Fla. Stat. §772.104 the attorneys' fees and costs they have incurred in prosecuting this action.

**Accordingly,** Plaintiff, Melvin Gale requests that this Honorable Court enter a judgment

*Gale v. RFC*
*Amended Complaint*

declaring that RFC Securities, Ross F. Charno and Irving Charno have, with criminal intent, engaged in a pattern of criminal activity prohibited by Fla. Stat. §772.103 and compensable under Fla. Stat. §772.104. Melvin Gale requests that that this Honorable Court enter Final Judgment and therein award treble damages of at least $4,752,201.00 in favor of Melvin Gale, jointly and severally, against RFC Securities, Ross F. Charno, and the Estate and/or Court-Appointed Representative of Irving Charno, and award him interest, order Defendants to disgorge monies wrongfully diverted or retained by Defendants, award attorneys' fees and costs, and grant such further relief or damages which the Court deems just and equitable.

### Count IX Alternative Count: Breach of Contract: Spielman

326.    Plaintiff, Stanley Spielman, incorporates and re-alleges Paragraphs 1 through 79 and 113 through 151 as if fully restated if fully restated herein.

327.    This is an action brought in the alternative by Stanley Spielman against RFC Securities, Ross F. Charno, the Estate of or the Court-Appointed Personal Representative of the Estate of Irving Charno and Miriam Charno (sometimes referred to in this Count as "these Defendants") for breach of contract. Plaintiffs will elect their remedies prior to entry of Final Judgment.

328.    These Defendants contractually guaranteed that each loan of Plaintiff would be placed and maintained in the purported Goldman Sachs escrow account.

329.    These Defendants executed guarantees for repayment of each loan.

330.    These Defendants have breached the agreements with Stanley Spielman by failing to place and maintain his money in the purported Goldman Sachs escrow account as required by the agreements and by failing to repay the loans in breach of the agreements and the guarantees.

331.    Stanley Spielman has suffered damages as a proximate result of the breaches as described herein.

*Gale v. RFC*
*Amended Complaint*

332.   Stanley Spielman is entitled to recover from RFC Securities, Ross F. Charno, the Estate of or the Court-Appointed Personal Representative of Irving Charno and Miriam Charno, jointly and severally, damages and interest in an amount not less than $7,399,131.00.

**Accordingly**, Plaintiff, Stanley Spielman, requests that this Honorable Court enter a judgment declaring that RFC Securities, Ross F. Charno, Irving Charno and Miriam Charno have, breached their contractual agreements with him and enter Final Judgment and therein award damages of at least $7,399,131.00 in favor of Stanley Spielman, jointly and severally, against RFC Securities, Ross F. Charno, the Estate of or the Court-Appointed Personal Representative of the Estate of Irving Charno and Miriam Charno, order Defendants to disgorge monies wrongfully diverted or retained by Defendants, and award Plaintiffs interest and costs, and grant such further relief or damages which the Court deems just and equitable.

### Count X Piercing of "Corporate Veil/LLC Veil"

333.   Plaintiffs incorporate and reallege herein Paragraphs 1 through 270 as if fully stated herein.

334.   This is an action to pierce the corporate veil of RFC Securities, LLC in order to find Ross F. Charno individually responsible and liable for the acts, omissions and crimes of RFC Securities.

335.   Ross F. Charno formed and used RFC Securities for unlawful, illegal, immoral and fraudulent purposes as described herein.

336.   Ross F. Charno used RFC Securities as if it were his own and upon information and belief, co-mingled the assets to such an extent that he and RFC Securities should be viewed and treated as one and the same. RFC Securities was and is a mere sham and a front for the Defendants' fraudulent and criminal activity.

**Accordingly**, Plaintiffs, Melvin Gale and Stanley Spielman request that this Honorable

*Gale v. RFC*
*Amended Complaint*

Court enter Final Judgment finding, concluding and holding Ross F. Charno responsible and liable for each and every act of RFC Securities, LLC, as alleged herein, and entering judgment against Ross F. Charno, individually, and RFC Securities, LLC, jointly and severally for damages, order Defendant to disgorge monies wrongfully diverted or retained by Defendant, award attorneys' fees, costs and interest and such further relief as the Court deems just and equitable.

### Count XI: Breach of Promissory Note and Personal Guarantee

337.    Plaintiff, Melvin Gale, individually and as Trustee of the Melvin H. Gale & Leona Gale Trust (hereinafter "Melvin Gale"), incorporates and realleges herein Paragraphs 1 through 28 and 80 through 139 as if fully stated herein.

338.    This is an action for damages brought in the alternative by Melvin Gale as Trustee of The Melvin H. Gale & Leona Gale Trust to collect under a written Promissory Note and personal guarantee. Melvin Gale will elect his remedies prior to entry of Final Judgment.

339.    RFC Securities executed a Note which was guaranteed by each Defendant to be repaid in full.

340.    The Trust is the present Holder of the Note and Melvin Gale is the Trustee of the Trust holding the Note.

341.    As described above the Note is past due and payable for well over thirty days and, despite demand, Defendants have refused to pay the Note.

342.    Melvin Gale is entitled to collect the Note from each Defendant.

343.    As a result of Defendants' failure to pay the Note, the Trust has suffered damages in excess of $1,584,067.00.

344.    In his efforts to collect under the Note, the Trust has incurred costs and expenses, both in and out of court, including attorneys' fees.

*Gale v. RFC*
*Amended Complaint*

345.    Melvin Gale, as Trustee of the holder of the Note, is entitled to recover "all costs and expenses of collection incurred . . . in or out of court, and including court related costs and expenses and reasonable attorneys' fees and disbursements" under the terms of the Note.

**Accordingly,** Plaintiff, Melvin Gale, as Trustee of the Trust holding the Note, request that this Honorable Court enter a judgment declaring that RFC Securities, Ross F. Charno, Irving Charno, Amanda Charno and Miriam Charno have, breached their contractual agreements to repay the Note and enter Final Judgment and therein award damages of at least $1,584,067.00 in favor of Melvin Gale, as Trustee of the Trust, jointly and severally, against RFC Securities, Ross F. Charno, the Estate of Irving Charno, Amanda Charno and Miriam Charno and award Plaintiff, Mel Gale interest, attorneys' fees and costs, and grant such further relief or damages which the Court deems just and equitable.

<h3 style="text-align:center">Count XII: Demand for an Accounting</h3>

346.    Plaintiffs incorporate and reallege herein by reference Paragraphs 1 through 151 as if fully stated herein.

347.    This is an action by Plaintiffs, Stanley Spielman and Melvin Gale, for an accounting against Defendants RFC Securities, Ross F. Charno, the Estate of Irving Charno, Miriam Charno and Amanda Charno.

348.    An Accounting is proper and warranted in this action because of the complicated character of the accounts. Plaintiffs loaned RFC Securities close to $9 million through numerous loans spanning a two-year time frame. All of the money represented by each loan was required to be maintained in escrow. Thus, the money was not to be traded or accessible by anyone and was represented by Defendants to remain available to Plaintiffs upon demand after a short notice period. Ross F. Charno has informed Plaintiffs that all of the money has been "lost."

349.    Plaintiffs are entitled to an accounting to trace what happened with the

approximate $9 million which Defendants have reportedly "lost."

350.   Based upon the foregoing Plaintiffs are in need of discovery of the financial accounts and records of all Defendants because each Defendant was part of the conspiracy explained in this Complaint, each individual Defendant is related by blood or marriage and each Defendant guaranteed repayment of the loans and have refused to repay same or account for the whereabouts of Plaintiffs' $9 million, despite several demands by Plaintiffs and their counsel.

351.   Based upon Defendants' exploitation of the long lasting and trusting friendship between Plaintiffs and Irving Charno and based upon the statements of Ross F. Charno to Plaintiffs intimating "fatherly" relationships between Plaintiffs and Ross F. Charno, a fiduciary, confidential and trust relationship existed between Plaintiffs and Defendants which Defendants exploited.

352.   Plaintiffs are without knowledge as to the complete extent to which Defendants have converted and unlawfully made use of their money and whether the full sum of the money has in fact been "lost" as represented by Ross F. Charno.

353.   In fact, as set forth in the August Demand Letters attached to this Complaint, Jeffery H. Tromberg, counsel for Ross F. Charno, represented in July 2007 that perhaps a few hundred thousand dollars remain in the Defendants' possession.

354.   Plaintiffs are entitled to an accounting from each Defendant.

**Accordingly**, Plaintiffs, Melvin Gale and Stanley Spielman request that this Honorable Court enter an Order requiring a full accounting which shall require each Defendant to produce and allow a complete and thorough inspection of any and all accounting, banking, financial, trading, and all other records related to the money Plaintiffs' loaned to RFC Securities and the flow, distribution or transference of all such funds from the date of each loan to the present. Additionally, Plaintiffs request that this Honorable Court grant such further relief for damages,

*Gale v. RFC*
*Amended Complaint*

order Defendant to disgorge monies wrongfully diverted or retained by Defendant, award

attorneys' fees, costs and interest and such further relief as the Court deems just and equitable.

<u>Jury Demand</u>: Plaintiffs demand that all issues so triable be tried by a jury.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished
via U.S. Mail to Russell T. Beyer, Esq., Law Offices of Russell Beyer, P.A., P.O. Box 11180,
Fort Lauderdale, FL 33339-1180, on this <u>27th</u> **day of December, 2007.**

**Patrick W. Maraist**
MARAIST LAW FIRM, P.A.,
Trump Plaza Office Center
525 South Flagler Drive, Suite 200
West Palm Beach, FL 33401
Telephone: 561-650-0112
Facsimile: 561-659-5399

**M. Krista Barth**
Law Offices of Eric M. Sauerberg, P.A.
200 Village Square Crossing, Suite 102
Palm Beach Gardens, FL 33410
Telephone 561-776-0330
Facsimile 561-776-0302
Florida Bar No.: 0461229

By: *Patrik Maraist*
PATRICK W. MARAIST
Florida Bar No.: 0109185